IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No   CR-05-0491 VRW |
|     Plaintiff | ORDER |
|     v | |
| SEMYON NEYS et al, | |
|     Defendant. / | |

    Defendant Paul Ancajima appeals the magistrate judge's detention order.  For reasons stated below, the court affirms the magistrate judge's order.

I.

    On July 28, 2005, a grand jury indicted Ancajima for violating 21 USC § 846 (conspiracy to distribute methamphetamine and 3,4 methylenedioxymethamphetamine, otherwise known as MDMA or "ecstasy"), and 21 USC § 841(b)(1)(C) (distribution of MDMA).  Doc

#31. The maximum penalties prescribed by statute for the charged offenses are life imprisonment and twenty years imprisonment, respectively.

Because the Controlled Substances Act prescribes a maximum penalty of at least ten years imprisonment for the offenses with which Ancajima has been charged, he faces a rebuttable presumption "that no conditions or combinations of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 USC § 3142(e). After hearing the parties and reviewing the Pretrial Services Report, the magistrate concluded that Ancajima failed to rebut this presumption and ordered that Ancajima be detained while he awaits trial. Doc #68. Ancajima appealed. Doc #80.

II.

When reviewing a magistrate's detention order, a district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." United States v Koenig, 912 F2d 1190, 1193 (9th Cir 1990). "[T]he district court is to make its own 'de novo' determination of the facts, whether different from or an adoption of the findings of the magistrate," and "the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion." Id.

As noted, Ancajima faces a rebuttable presumption that his release would pose a risk of flight and danger to the community. This places upon Ancajima the burden of producing some

2

1 evidence to rebut the presumption.  If Ancajima satisfies that
2 burden, the burden of production shifts to the government to show
3 by clear and convincing evidence that Ancajima is a danger to
4 community and by a preponderance of the evidence that he poses a
5 risk of flight.  See <u>United States v Quartermaine</u>, 913 F2d 910,
6 916-17 (11th Cir 1990).  The government bears the burden of
7 persuasion at all times.  See id at 916.

8     Section 3142(g) lists factors the court should consider
9 in determining whether there are conditions of release that will
10 reasonably ensure both the safety of the community and the
11 defendant's appearance in court.  "These include the nature and
12 circumstances of the offense charged, including whether the offense
13 involves a narcotic drug; the weight of the evidence against the
14 person; the history and characteristics of the person, including
15 the person's character, family ties, employment, financial
16 resources, length of residence in the community, community ties,
17 past conduct, history relating to drug or alcohol abuse, criminal
18 history, and record concerning appearance at court proceedings; and
19 the nature and seriousness of the danger to any person or the
20 community that would be posed by the person's release."  <u>United
21 States v Reuben</u>, 974 F2d 580, 586 (5th Cir 1992).

### III.

25     Ancajima is 18 years old, unmarried, has no children, and
26 owns no real property within or without this judicial district.
27 Pretrial Servs Rept (PSR) at 1-2.  He is a lifelong resident of San
28 Francisco and resided (sporadically) with his aunt prior to the

3

events leading to his current predicament.  As a juvenile, he was charged with offenses arising from possession of tobacco, joyriding and fistfighting.  PSR at 2.

Neither Ancajima nor his family possess sufficient financial assets to post bail.  Although his mother and aunt are willing to sign as sureties on a bond securing his release, their financial assets are negligible.  Counsel for Ancajima emphasizes his family ties to this judicial district as evidence that he will appear in court as necessary.  The United States argues that because Ancajima appears to have ready access to large quantities of controlled substances for distribution, he will pose a danger to the community if released.

Generally, family ties alone will not rebut the presumption if they are "not the sort of family ties from which we can infer that a defendant is so deeply committed and personally attached that he cannot driven from it by the threat of a long prison sentence."  <u>Reuben</u>, 974 F2d at 586.  In light of all the circumstances reflected in the record, the court cannot conclude that Ancajima's familial bonds so tether him to this judicial district that there is not a significant risk of him fleeing given the serious penalties he potentially faces.

Accordingly, the court agrees with the magistrate judge that Ancajima has failed to rebut the presumption created by § 3142(e).  The court, however, is willing to reconsider the matter if Ancajima can provide some meaningful form of security for his release.

//

//

IV

The magistrate judge's order detaining Ancajima is **AFFIRMED, and it is hereby ORDERED** that Ancajima's detention shall continue pending trial.  If Ancajima comes forward with security for his release, the court will reconsider its order upon proper motion.

IT IS SO ORDERED.

_____

**VAUGHN R WALKER**

**United States District Chief Judge**

5